## GOODMAN v. BRENNER.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1901.)

No. 1,054.

BANKRUPTCY—RIGHT OF APPEAL—INTERLOCUTORY ORDERS.

An interlocutory order entered by a court of bankruptcy, reversing a ruling of the referee, made during the examination of the bankrupt, refusing to require him to produce his books, is not appealable.[1]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

W. L. Hughes, for appellant.

Hewes T. Gurley, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The transcript shows that, during the examination of the bankrupt before the referee, the bankrupt declined to answer certain questions because thereby he would incriminate himself; and he further refused to produce his books for examination, on substantially the same ground. The referee ruled that the bankrupt was neither required to answer the questions nor to produce his books. On appeal to the court, the following decree was entered:

"Upon due consideration thereof, it is ordered, adjudged, and decreed that the action of the referee in refusing to compel the bankrupt to produce his books be, and is hereby, reversed. It is further ordered that the action of the referee in refusing to compel the bankrupt to incriminate himself by answers to questions put to him by a creditor be, and is hereby, affirmed and sustained."

Thereupon the bankrupt petitioned for appeal to this court, which was allowed. In this court some 12 errors are assigned, all on the theory that the decree in question orders the bankrupt to produce his books. The decree complained of is an interlocutory, not a final, decree rendered in the bankruptcy proceedings, and no appeal lies therefrom. Section 25, par. "a," of the bankruptcy act of 1898 provides for appeals to be taken in bankruptcy proceedings to the circuit court of appeals, as follows:

"That appeals as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the territories, in the following cases, to-wit, (1) from a judgment, adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

From the plain reading of this statute, it appears that no right of appeal is given from an interlocutory order such as was rendered in this case, and there is no other law authorizing such appeal. The appeal is therefore dismissed.